**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| STEVEN J. LINDNER, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> OCCIDENTAL COLLEGE, <br><br> Defendant. | Civil Action No.: <br><br> **CLASS ACTION COMPLAINT** <br><br> <u>**JURY TRIAL DEMANDED**</u> |

Plaintiff Steven J. Lindner ("Plaintiff") brings this action on behalf of himself and all others similarly situated against Defendant Occidental College ("Occidental" or "Defendant"). Plaintiff makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to the allegations specifically pertaining to himself, which are based on personal knowledge.

<u>**NATURE OF THE ACTION AND FACTS COMMON TO ALL CLAIMS**</u>

1. This is a class action lawsuit on behalf of all people who paid tuition and fees for the Spring 2020 Semester at Occidental, and who, because of Defendant's response to the novel Coronavirus ("COVID-19") pandemic, lost the benefit of the education for which they paid, and/or the services for which their fees were paid, without having their tuition and fees refunded to them.

2. Occidental is a private university with a total enrollment of approximately 2,055 students. Occidental offers approximately thirty-four (34) undergraduate majors.

3. On March 12, 2020, Defendant, via Occidental President Jonathan Veitch, announced that the rest of the Spring Semester (following spring break) would be completed

1

remotely "using online methods [to] minimize the number of students living on campus."[1]

4. Thus, Occidental has not held any in-person classes since March 6, 2020. Classes that have continued have only been offered in an online format, with no in-person instruction.

5. As a result of the closure of Defendant's facilities, Defendant has not delivered students the educational services, facilities, access and/or opportunities for which Mr. Lindner and the putative class contracted and paid. The online learning options being offered to Occidental students are subpar in practically every aspect, from the lack of facilities, materials, and access to faculty. Students have been deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique. The remote learning options are in no way the equivalent of the in-person education for which Plaintiff and the putative class members contracted and paid.

6. Nonetheless, Defendant has not refunded any tuition or fees for the Spring 2020 Semester.

7. Plaintiff and the putative class are therefore entitled to a refund of tuition and fees for in-person educational services, facilities, access, and/or opportunities that Defendant has not provided. Even if Defendant claims it did not have a choice in cancelling in-person classes, it nevertheless has improperly retained funds for services it is not providing.

8. Plaintiff seeks, for himself and Class members, Defendant's disgorgement of the pro-rated portion of tuition and fees, proportionate to the amount of time that remained in the Spring 2020 Semester when classes moved online and campus services ceased being

---

[1] https://www.oxy.edu/covid-19-coronavirus/community-messages/coronavirus-plan-rest-semester (last visited 5/21/20).

provided.  Plaintiff seeks a return of these amounts on behalf of himself and the Class as defined below.

## JURISDICTION AND VENUE

9.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A), as amended by the Class Action Fairness Act of 2005 ("CAFA"), because at least one member of the Class, as defined below, is a citizen of a different state than Defendant, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs.

10.  This Court has personal jurisdiction over Defendant because many of the acts and transactions giving rise to this action occurred in this District, and because Defendant conducts substantial business in this District and has sufficient minimum contacts with New Jersey. Defendant has solicited students residing in New Jersey to attend its institution; has accepted money, including application fees, tuition, and other fees from students residing in New Jersey, has websites accessible to students in New Jersey, has entered into contracts with New Jersey residents, and generally has minimum contacts in New Jersey sufficient to satisfy the Due Process Clauses of the New Jersey and United States Constitutions.

11.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because many of the acts and transactions giving rise to this action occurred in this District, and because Plaintiff is a resident of this District.  Specifically, the contract that is the subject of this action was formed in this District.

## THE PARTIES

12.  Plaintiff Steven J. Lindner is a citizen of New Jersey who resides in Madison, New Jersey.  Mr. Lindner's daughter, Chloe Lindner, is an undergraduate student at Occidental

3

majoring in Psychology.  In-person classes are critical to Mr. Lindner's daughter's field of study, which requires in-person instruction, feedback, and a high level of collaboration, which is made more feasible through in-class instruction.  Mr. Lindner paid approximately $35,720 in tuition, fees, room, and board to Defendant for the Spring 2020 Semester.  However, Mr. Lindner has received a refund of only $3,519.54 due to Defendant's student residences being closed.  Other than residence fees, Ms. Lindner has not received any refund for tuition or other fees, despite the fact that in-person classes have not been held since March 6, 2020.

13. Defendant Occidental College is a private institution of higher learning with its principal place of business at 1600 Campus Rd, Los Angeles, CA 90041.

## FACTUAL ALLEGATIONS

### *Plaintiff And Class Members Paid Tuition And Fees For The Spring 2020 Semester*

14. Plaintiff and Class members are individuals who paid the cost of tuition and other mandatory fees for the Spring 2020 Semester at Occidental.

15. Spring 2020 Semester classes at Occidental began on or around January 21, 2020, and final exams for the Semester were scheduled for May 1, 2020 to May 8, 2020.

16. Plaintiff and Class members paid the cost of tuition for the Spring 2020 Semester.  They also paid other mandatory fees associated with the Spring 2020 Semester.

17. Approximate tuition costs at Occidental for the Spring 2020 Semester are $27,990 (half of the yearly tuition of $55,980) plus required fees of $596.[2]

18. The tuition and fees described in the above paragraph are provided by way of example; total damage amounts – which may include other fees that are not listed herein but that were not refunded – will be proven at trial.

---

[2] https://www.oxy.edu/admission-aid/costs-financial-aid (last visited 5/21/20).

### *In Response To COVID-19, Occidental Closed Its Campus And All In-Person Classes Were Cancelled*

19. On March 12, 2020, Defendant, via Occidental President Jonathan Veitch, announced that the rest of the Spring Semester (following spring break) would be completed remotely "using online methods [to] minimize the number of students living on campus." As such, no in person classes have been held since approximately March 6, 2020.

20. As a result of the closure of Defendant's facilities, Defendant has not delivered the educational services, facilities, access and/or opportunities for which Plaintiff and the putative class contracted and paid. Plaintiff and the putative class are therefore entitled to a refund of all tuition and fees for services, facilities, access and/or opportunities that Defendant has not provided. Even if Defendant claims it did not have a choice in cancelling in-person classes, it nevertheless has improperly retained funds for services it is not providing.

21. Plaintiff and the Class did not choose to attend an online institution of higher learning, but instead chose to attend Defendant's institution and enroll on an in-person basis.

22. Defendant markets the on-campus experience at Occidental as a benefit of enrollment on Defendant's website, specifically advertising that its "exceptional faculty and the resources of one of the world's great urban centers."[3] Defendant further advertises its strategic location in Los Angeles as a benefit of enrollment:

> Occidental possesses the distinct privilege of being a liberal arts college in the heart of a major global city, one of the largest and most diverse metropolitan areas in the United States. Across divisions, our curriculum engages its local geographical resources (both the natural and the built environment), community-based organizations and institutions, and the cultural richness that represents the larger world. Through community-based learning and community-based research, geological and biological fieldwork, partnerships with cultural institutions and local industries, internship programs, Professors of the Practice, and a

---

[3] https://www.oxy.edu/academics (last visited 5/21/20).

formal partnership with the City of Los Angeles, students' learning in the classroom is deeply connected to learning in the community.[4]

23. The online learning options offered to Occidental students are subpar in practically every aspect and pale in comparison to what they once were, from the lack of facilities and materials to access to faculty. Students have been deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique. This is particularly true for students like Mr. Lindner's daughter, who is pursuing a Bachelor's Degree in Psychology, because she was unable receive in-person instruction, feedback, or critique. Under these circumstances, Mr. Lindner's daughter was also unable to collaborate or use on-campus resources in the manner necessary for success in her field of study. Moreover, office hours for professors were essentially non-existent given that professors are unable to see their students to provide in-person assistance. Email is simply no substitute for instances where additional teaching is required.

24. The remote learning options are in no way the equivalent of the in-person education for which Plaintiff and putative class members contracted and paid. The remote education being provided is not even remotely worth the amount charged class members for Spring 2020 Semester tuition. The tuition and fees for in-person instruction at Occidental are higher than tuition and fees for other online institutions because such costs cover not only the academic instruction at Occidental, but encompass an entirely different experience which includes but is not limited to:

- Face to face interaction with professors, mentors, and peers;
- Access to facilities such as libraries, laboratories, computer labs, and

---

[4] *Id.*

   study room;

- Student governance and student unions;

- Extra-curricular activities, groups, intramural sports, etc.;

- Student art, cultures, and other activities;

- Social development and independence;

- Hands on learning and experimentation;

- Networking and mentorship opportunities.

25.   Through this lawsuit Plaintiff seeks, individually and on behalf of the Class, Defendant's disgorgement of the pro-rated portion of the tuition and fees, proportionate to the amount of time that remained in the Spring 2020 Semester when classes moved online, and campus services ceased being provided.  Plaintiff seeks return of these amounts on behalf of himself and the Class as defined below.

## CLASS ACTION ALLEGATIONS

27.   Plaintiff seeks to represent a class defined as all people who paid tuition and/or fees for the Spring 2020 Semester at Occidental College for in-person educational services that Defendant failed to provide, and whose tuition and fees have not been refunded (the "Class"). Specifically excluded from the Class are Defendant, Defendant's officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint ventures, or entities controlled by Defendant, and their heirs, successors, assigns, or other persons or entities related to or affiliated with Defendant and/or Defendant's officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

28.   Plaintiff also seeks to represent a subclass consisting of Class members who

reside in New Jersey (the "Subclass").

29. Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class and Subclass may be expanded or narrowed by amended complaint, or narrowed at class certification.

30. **Numerosity.** The members of the Class and Subclass are geographically dispersed throughout the United States and are so numerous that individual joinder is impracticable. Upon information and belief, Plaintiff reasonably estimates that there are thousands of members in the Class, and more than forty members in the Subclass. Although the precise number of Class members is unknown to Plaintiff, the true number of Class members is known by Defendant and may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the enrollment records of Defendant.

31. **Existence and predominance of common questions of law and fact.** Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual Class members. These common legal and factual questions include, but are not limited to, the following:

(a) whether Defendant accepted money from Plaintiff and Class and Subclass members in exchange for the promise to provide services, namely in-person educational services and access to its facilities;

(b) whether Defendant has provided the services for which Class and Subclass members contracted; and

(c) whether Class and Subclass members are entitled to a refund for that portion of the tuition and fees that was contracted for services that Defendant did not provide.

(d) whether Defendant has unlawfully converted money from Plaintiff, the Class, and the Subclass; and

(e) whether Defendant is liable to Plaintiff and the Class and Subclass for unjust

enrichment.

32.   **Typicality.**  Plaintiff's claims are typical of the claims of the other members of the Class in that, among other things, all Class and Subclass members were similarly situated and were comparably injured through Defendant's wrongful conduct as set forth herein.  Further, there are no defenses available to Defendant that are unique to Plaintiff.

33.   **Adequacy of Representation.**  Plaintiff will fairly and adequately protect the interests of the Class and Subclass.  Plaintiff has retained counsel that is highly experienced in complex consumer class action litigation, and Plaintiff intends to vigorously prosecute this action on behalf of the Class and Subclass.  Furthermore, Plaintiff has no interests that are antagonistic to those of the Class or Subclass.

34.   **Superiority.**   A class action is superior to all other available means for the fair and efficient adjudication of this controversy.  The damages or other financial detriment suffered by individual Class and Subclass members are relatively small compared to the burden and expense of individual litigation of their claims against Defendant.  It would, thus, be virtually impossible for the Class or Subclass on an individual basis, to obtain effective redress for the wrongs committed against them.  Furthermore, even if Class or Subclass members could afford such individualized litigation, the court system could not.  Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts.  Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.  By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

35.   In the alternative, the Class may also be certified because:

(a) the prosecution of separate actions by individual Class and Subclass members would create a risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Defendant;

(b) the prosecution of separate actions by individual Class and Subclass members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

(c) Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

## CLAIMS FOR RELIEF

### COUNT I
### Breach Of Contract
### (On Behalf Of The Class And Subclass)

36. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

37. Plaintiff brings this claim individually and on behalf of the members of the proposed Class and Subclass against Defendant.

38. Through the admission agreement and payment of tuition and fees, Plaintiff and each member of the Class and Subclass entered into a binding contract with Defendant.

39. As part of the contract, and in exchange for the aforementioned consideration, Defendant promised to provide certain services, all as set forth above. Plaintiff and members of the Class and Subclass fulfilled their end of the bargain when they paid monies due for Spring 2020 Semester tuition. Tuition for Spring 2020 Semester was intended to cover in-person educational services from January through May 2020. In exchange for tuition monies paid,

members of the Class and Subclass were entitled to in-person educational services through the end of the Spring 2020 Semester.

40. Defendant has failed to provide the contracted for services and has otherwise not performed under the contract as set forth above. Defendant has retained monies paid by Plaintiff and the Class for their Spring 2020 Semester tuition and fees, without providing them the benefit of their bargain.

41. Plaintiff and members of the Class and Subclass have suffered damage as a direct and proximate result of Defendant's breach, including but not limited to being deprived of the education, experience, and services to which they were promised and for which they have already paid.

42. As a direct and proximate result of Defendant's breach, Plaintiff and members of the Class and Subclass are entitled to damages, to be decided by the trier of fact in this action, to include but not be limited to reimbursement of certain tuition, fees, and other expenses that were collected by Defendant for services that Defendant has failed to deliver. Defendant should return the pro-rated portion of any Spring 2020 Semester tuition and fees for education services not provided since Occidental shut down on March 12, 2020.

43. Defendant's performance under the contract is not excused due to COVID-19. Indeed, Defendant should have refunded the pro-rated portion of any education services not provided. Even if performance was excused or impossible, Defendant would nevertheless be required to return the funds received for services it will not provide.

### COUNT II
**Unjust Enrichment**
**(On Behalf Of The Class And Subclass)**

44. Plaintiff hereby incorporates by reference the allegations contained in all

preceding paragraphs of this complaint.

45. Plaintiff brings this claim individually and on behalf of the members of the proposed Class and Subclass against Defendant.

46. Plaintiff and members of the Class and Subclass conferred a benefit on Defendant in the form of monies paid for Spring 2020 Semester tuition and other fees in exchange for certain services and promises. Tuition for the Spring 2020 Semester was intended to cover in-person educational services from January through May 2020. In exchange for tuition monies paid, Class members were entitled to in-person educational services through the end of the Spring Semester.

47. Defendant voluntarily accepted and retained this benefit by accepting payment.

48. Defendant has retained this benefit, even though Defendant has failed to provide the education, experience, and services for which the tuition and fees were collected, making Defendant's retention unjust under the circumstances. Accordingly, Defendant should return the pro-rated portion of any Spring 2020 Semester tuition and fees for education services not provided since Occidental shut down on March 12, 2020.

49. It would be unjust and inequitable for Defendant to retain the benefit, and Defendant should be required to disgorge this unjust enrichment.

## COUNT III
### Conversion
**(On Behalf Of The Class And Subclass)**

50. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

51. Plaintiff brings this claim individually and on behalf of the members of the proposed Class and Subclass against Defendant.

52. Plaintiff and members of the Class and Subclass have an ownership right to the in-person educational services they were supposed to be provided in exchange for their Spring 2020 Semester tuition and fee payments to Defendant.

53. Defendant intentionally interfered with the rights of Plaintiff and members of the Class and Subclass when it moved all classes to an online format and discontinued in-person educational services for which tuition and fees were intended to pay.

54. Plaintiff and members of the Class and Subclass demand the return of the pro-rated portion of any Spring 2020 Semester tuition and fees for education services not provided since Occidental shut down on March 12, 2020.

55. Defendant's retention of the fees paid by Plaintiff and members of the Class and Subclass without providing the educational services for which they paid, deprived Plaintiff and Class and Subclass members of the benefits for which the tuition and fees paid.

56. This interference with the services for which Plaintiff and members of the Class and Subclass paid damaged Plaintiff and Class and Subclass members in that they paid tuition and fees for services that will not be provided.

57. Plaintiff and members of the Class and Subclass are entitled to the return of pro-rated portion of any Spring 2020 Semester tuition and fees for education services not provided since Occidental shut down on March 12, 2020.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

    (a)    For an order certifying the Class and Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as the representative of the Class and Subclass and Plaintiff's attorneys as Class Counsel to represent the Class and Subclass members;

  (b)  For an order finding in favor of Plaintiff and the Class and Subclass on all counts asserted herein;

  (c)  For compensatory and other damages in amounts to be determined by the Court and/or jury;

  (d)  For prejudgment interest on all amounts awarded;

  (e)  For an order of restitution and all other forms of equitable monetary relief;

  (f)  For injunctive relief as pleaded or as the Court may deem proper; and

  (g)  For an order awarding Plaintiff and the Class and Subclass their reasonable attorneys' fees and expenses and costs of suit.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: July 6, 2020      Respectfully submitted,

            **BURSOR & FISHER, P.A.**

            By: */s/ Yitzchak Kopel*
               Yitzchak Kopel

            Yitzchak Kopel
            Andrew Obergfell
            888 Seventh Avenue
            New York, NY 10019
            Telephone: (646) 837-7150
            Facsimile: (212) 989-9163
            Email: ykopel@bursor.com
                aobergfell@bursor.com

            *Attorneys for Plaintiff*