MATTHEW D. POWERS (S.B. #212682)
mpowers@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center
San Francisco, California 94111-3823
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

APALLA U. CHOPRA (S.B. #163207)
achopra@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

Attorneys for Defendant
Occidental College

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN J. LINDER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OCCIDENTAL COLLEGE,<br><br>Defendant. | Case No. 2:20-cv-08481-JFW-RAO<br><br>**DEFENDANT OCCIDENTAL COLLEGE'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT**<br><br>Judge: Hon. John F. Walter<br>Courtroom: 7A<br>Hearing Date: November 16, 2020<br>Time: 1:30 p.m. |

**TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on Monday, November 16, 2020, at 1:30 p.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable John F. Walter, United States District Court for the Central District of California, located at 350 West First Street, Courtroom 7A, Los Angeles, California 90012, defendant Occidental College ("Occidental"), by and through the undersigned counsel, will and hereby does move this Court for an order dismissing the Complaint filed by Plaintiff Steven J. Linder ("Plaintiff").

This Motion is made pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). Plaintiff's claims should be dismissed because California—like nearly every state—prohibits challenges to the adequacy of a student's education. Even if the general prohibition on educational malpractice suits did not bar Plaintiff's claims, Plaintiff's breach of contract claim nevertheless fails because: (i) Plaintiff cites no promise by Occidental to provide an in-person education under all circumstances; and (ii) Occidental never made any such promise and, in fact, expressly reserved vast discretion to adjust its program. Next, Plaintiff's unjust enrichment and conversion claims fail because Plaintiff seeks only damages from a purported breach of contract, and even if Plaintiff had plausibly stated claims for breach of contract, unjust enrichment or conversion (and he has not), the Complaint should still be dismissed because Plaintiff is not an Occidental student, did not personally enter a contract to receive any education from Occidental (whether "inadequate" or otherwise) and thus lacks standing to bring these claims.

This Motion is based on this Notice of Motion and Motion; the attached Memorandum of Points and Authorities; the concurrently-filed Request for Judicial Notice and the Declaration of Matthew D. Powers, and all exhibits attached thereto; all matters of which this Court may properly take judicial notice; and such evidence and argument as may be presented at or before the hearing on this Motion.

This motion is made following the conference of counsel concluded on

October 7, 2020 pursuant to Local Rule 7-3.  *See* Dkt. No. 21.

Dated:  October 14, 2020

O'MELVENY & MYERS LLP
MATTHEW D. POWERS
APALLA U. CHOPRA

By:   /s/ *Matthew D. Powers*
       Matthew D. Powers
Attorneys for Defendant
Occidental College