MATTHEW D. POWERS (S.B. #212682)
mpowers@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center
San Francisco, California  94111-3823
Telephone:  (415) 984-8700
Facsimile:   (415) 984-8701

APALLA U. CHOPRA (S.B. #163207)
achopra@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California  90071-2899
Telephone:  (213) 430-6000
Facsimile:   (213) 430-6407

Attorneys for Defendant
Occidental College

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN J. LINDNER, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>OCCIDENTAL COLLEGE,<br><br>　　　　Defendant. | Case No. 2:20-cv-08481-JFW-RAO<br><br>**DEFENDANT OCCIDENTAL COLLEGE'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Judge:  Hon. John F. Walter<br>Courtroom:  7A<br>Hearing Date: December 21, 2020<br>Time:  1:30 p.m. |

**TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on Monday, December 21, 2020, at 1:30 p.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable John F. Walter, United States District Court for the Central District of California, located at 350 West First Street, Courtroom 7A, Los Angeles, California 90012, defendant Occidental College ("Occidental"), by and through the undersigned counsel, will and hereby does move this Court for an order dismissing the First Amended Complaint ("FAC") filed by Plaintiffs Steven J. Lindner and Chloe A. Lindner ("Plaintiffs").

This Motion is made pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). Plaintiffs' claims should be dismissed because California—like nearly every state—prohibits challenges to the adequacy of a student's education. Even if the general prohibition on educational malpractice suits did not bar Plaintiffs' claims, Plaintiffs' breach of contract claims nevertheless fails because: (i) Plaintiffs do not identify the specific contractual "promise" Occidental allegedly breached; (ii) the 2019 Course Catalog affords Occidental broad discretion to modify the format of courses without refunding tuition or fees; and (iii) the express grant of discretion (along with California law) precludes inferring an implied contractual obligation to provide in-person education no matter the circumstances. Next, Plaintiff's unjust enrichment, conversion, and money had and received claims fail because Plaintiffs seek only damages from a purported breach of contract. And even if Plaintiffs had plausibly stated breach of contract or tort claims (and he has not), Plaintiff Steven Lindner's claims should still be dismissed because he is not an Occidental student, did not personally enter a contract to receive any education from Occidental (whether "inadequate" or otherwise) and thus lacks standing to bring these claims.

This Motion is based on this Notice of Motion and Motion; the attached Memorandum of Points and Authorities; the concurrently-filed Request for Judicial

1  Notice and the Declaration of Matthew D. Powers, and all exhibits attached thereto;
2  all matters of which this Court may properly take judicial notice; and such evidence
3  and argument as may be presented at or before the hearing on this Motion.
4        This motion is made following the conference of counsel concluded on
5  November 10, 2020 pursuant to Local Rule 7-3.  *See* Dkt. No. 32.

7  Dated:  November 17, 2020      O'MELVENY & MYERS LLP
8        MATTHEW D. POWERS
      APALLA U. CHOPRA

10        By:  /s/ *Matthew D. Powers*
11             Matthew D. Powers
      Attorneys for Defendant
12        Occidental College